UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND HUFF,

            Plaintiff,

Civil Action No.14-13010
HONORABLE GERSHWIN A. DRAIN

v.

CITIMORTGAGE, INC.,

            Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#9]

### I.     INTRODUCTION

Plaintiff Raymond Huff filed the instant action against Defendant CitiMortgage, Inc. to challenge the foreclosure of a mortgage that encumbered property located at 3352 Oakwood in Ann Arbor, Michigan. Plaintiff brings the following claims: Fraudulent Misrepresentation/Silent Fraud, Count I; Constructive Fraud, Count II; Michigan's Regulation of Collection Practices Act, Count III; Promissory Estoppel, Count IV and Negligent Administration of Loan, Count V.

Presently before the Court is Defendant's Motion to Dismiss, filed on November 19, 2014. This matter is fully briefed and the Court finds that oral argument will not aid in the resolution of this matter. Therefore, the motion will be resolved on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

### II.    FACTUAL BACKGROUND

On September 2, 2003, Plaintiff and ABN AMRO Mortgage Group, Inc. ("ABN") executed a mortgage and related note for the subject property. The mortgage was recorded on September 10,

2003 in the Washtenaw County Register of Deeds as Liber 4310, Page 673. The mortgage contained a provision allowing ABN to request payment in full upon the Plaintiff's default of his monthly payment obligations, as well as to sell the property. Defendant obtained Plaintiff's mortgage and note by way of merger with ABN. *See* Def.'s Mot., Ex. 3.

Plaintiff's wife handled payment of the family's bills until 2012 when she was diagnosed with Alzheimer's Disease. As a result, Plaintiff began paying the bills. Plaintiff began to fall behind with his monthly mortgage obligations. In 2013, Plaintiff's daughter, Wendy Moore, became aware that her father had fallen behind on his mortgage payments and that Defendant had initiated foreclosure proceedings.

Moore contacted Defendant to find out if anything could be done to save her parents' home from foreclosure and spoke with Defendant's representative, Kristopher McMurray. Moore began sending the requisite documentation to McMurray in order for a loan modification review. McMurray allegedly told Moore that the house would not be sold at a sheriff's sale while the loan modification request was under review.

However, contrary to McMurray's representations, the property was sold at a sheriff's sale on December 26, 2013, even though the loan modification request was currently being reviewed by Defendant. *See* Def.'s Mot. to Dismiss, Ex. 4. When Moore contacted Defendant on December 27, 2013 to inquire about the status of the loan modification, she was informed the property had been sold at a sheriff's sale the previous day. Plaintiff did not redeem the property within the applicable redemption period. He filed the instant action on June 27, 2014.

### III.   LAW & ANALYSIS

**A.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B. Defendant's Motion

#### 1. Standing

Defendant first argues that Plaintiff's claims are subject to dismissal because the redemption period has expired and Plaintiff has failed to allege fraud or irregularity in the foreclosure process sufficient to justify setting aside the Sheriff's sale. Defendant relies on the Michigan Court of Appeals's unpublished decision in *Overton v. Mortgage Electronic Registration Systems*, No. 07-725429, 2009 WL 1507342 (Mich. App. May 28, 2009). In *Overton*, the court held that once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. *See Overton,* 2009 WL 1507342, at \*1. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a <u>clear showing of fraud, or irregularity</u>." *Id.* (emphasis added) (citing *Schulthies v. Barron*, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)). Relying on *Overton*, Defendant argues that Plaintiff no longer has standing to assert his claims in the Complaint because he lost all rights in and title to the property when the redemption period expired on June 26, 2014.

The Court notes that Defendant's reliance on *Overton* and argument that Plaintiff lacks of

standing may be misplaced. *See Lamie v. Fed. Home Loan Mortg. Corp.*, No. 11-cv-156, 2012 U.S. Dist. LEXIS 70091, at *9 (W.D. Mich. May 21, 2012) (concluding that "the standing discussion in *Overton* that many defendants raise is a bit of a red herring, and that courts should view *Overton* as a merits decision and not a standing decision.") (quoting *Langley v. Chase Home Fin., LLC*, No. 10-cv-604, 2011 U.S. Dist. LEXIS 32845, at *2 (W.D. Mich. Mar. 28, 2011)).

As such, the Court declines to dismiss Plaintiff's Complaint based on his purported lack of standing. However, Plaintiff must still demonstrate that his factual allegations present plausible claims. Here, Plaintiffs fail to allege any irregularity or fraud sufficient to justify setting aside the Sheriff's sale. Defendant complied with the requirements of Michigan foreclosure law which is evidenced by the affidavits attached to the sheriff's deed. *See* Def.'s Mot., Ex. 4. Despite his burden to plausibly allege entitlement to relief, Plaintiff fails to allege any facts suggesting any impropriety with the foreclosure process. Plaintiff relies solely on a purported promise to stay the sheriff's sale during the loan modification review. This is not an irregularity in the foreclosure process sufficient to set aside the sheriff's sale.

Moreover, Plaintiff fails to plausibly allege prejudice which requires him to "show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Kim v. J.P. Morgan Chase Bank, N.A.*, 493 Mich. 98, 115-16 (2012). Even if the Court accepts as true Plaintiff's allegations concerning Defendant's failure to comply with Michigan foreclosure law, Plaintiff's claim still fails because his Complaint is silent as to how he would have been in a better position to preserve his interest in the property.

In response to Defendant's present motion, Plaintiff claims that "there is no question that he would have behaved differently . . . Plaintiff would have retained legal counsel to seek injunctive relief." Even if Plaintiff had included these facts in his Complaint, they would not entitle him to

relief because they do not "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Plaintiff was aware that the property was sold at a sheriff's sale on December 26, 2013, yet he waited until one day after the expiration of the redemption period, or until June 27, 2014, to file the instant action. Plaintiff's eleventh hour attempt to assert that he would have acted differently is not plausible on its face. Nor does Plaintiff allege any facts to suggest he would have been able to redeem the property if an injunction had been obtained. Plaintiff's claims challenging the foreclosure are without merit and are dismissed.

### 2.  Statute of Frauds

Plaintiff's fraud, promissory estoppel and negligent administration of a loan claims relate to his allegation that Defendant's representative orally promised to stay the sheriff's sale while the loan modification review was pending. The Court agrees with Defendant that these claims are subject to dismissal for the additional reason that they are barred by the statute of frauds. Michigan law requires that certain types of agreements be reduced to a writing. *See Crown Tech. Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538, 548; 619 N.W. 2d 66 (2000); *see also*, MICH. COMP. LAWS § 566.132(2). Michigan Compiled Laws § 566.132(2) states:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

MICH. COMP. LAWS § 566.132(2)(a).

These claims are precluded by the statute of frauds. The Michigan Court of Appeals has held the statute of frauds "plainly states that a party is precluded from bringing a claim–no matter its label–against a financial institution to enforce the terms of an oral promise . . . . *Crown Tech. Park*,

242 Mich. App. at 550. As such, any claim against a financial institution based upon an alleged promise to make a financial accommodation is precluded by the statute of frauds, no matter the title given to the claim. *Id.* at 550; *Wummel v. First Nat'l Bank of Am.*, No. 247023, 2004 Mich. App. LEXIS 1001 (Mich. Ct. App. Apr. 20, 2004) (affirming circuit court's decision to grant summary disposition on breach of contract, misrepresentation, fraud, specific performance, and promissory estoppel claims where the plaintiff brought an action to enforce an oral promise to loan money).

The statute of frauds similarly bars oral promises involving loan modifications. *Manire v. Am. Equity Mort., Inc*., No. 04-60278, 2005 U.S. Dist. LEXIS 48213 (E.D. Mich. Sept. 6, 2005) (negligent and intentional misrepresentation claims precluded); *LaSalle Bank Nat'l Ass'n v. Ray*, No. 09-13526, 2011 U.S. Dist. LEXIS 12964 (E.D. Mich. Feb. 9, 2011) (misrepresentation claims concerning purported promises related to loan modification precluded by statute of frauds). Counts I, II, IV and V are also subject to dismissal pursuant to the statute of frauds.

### 3. Michigan Regulation of Collection Practices Act

Lastly, Plaintiff's claim under the Michigan Regulation of Collection Practices Act is likewise subject to dismissal, however not for the reasons argued by Defendant. Specifically, Defendant argues that it is not a collection agency within the meaning of the Act. Under MICH. COMP. LAWS § 445.252(b), a "collection agency" is:

> a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement.

MICH. COMP. LAWS § 445.252(b).

While Defendant is not a collection agency under the Act, Defendant ignores the fact that

Plaintiff does not allege Defendant is a collection agency. Rather, Plaintiff maintains that Defendant is a "regulated person" under the Act and engaged in the following prohibited acts:  (1) communicating with Plaintiff in a deceptive manner, (2) making an inaccurate, misleading, untrue or deceptive statement in connection with collecting a debt, (3) misrepresenting the legal status of a legal action being taken or threatened, and (4) failing to prevent an employee from violation of the Act.

The Court agrees with Plaintiff that Defendant is a "regulated person" under the Act because it is "a state or federally chartered bank" that was attempting to "collect[] its own claim." MICH. Comp. Laws § 445.251(g)(ii). However, this claim is nonetheless subject to dismissal. Plaintiff offers no authority to support his theory that McCurray's purported statement to Moore during her inquiry concerning the possibility of a loan modification amounts to "an inaccurate, misleading, untrue, or deceptive statement or claim *in a communication to collect a debt*." MICH. COMP. LAWS § 445.252(e) (emphasis supplied). McCurray was not attempting to collect a debt, but was attempting to work out a loan modification with Moore and the Plaintiff.

Nor does it appear to fall within the prohibition of "using a harassing, oppressive, or abusive method to collect a debt." MICH. COMP. LAWS § 445.252(n). *See Balone v. Fed. Home Loan Mort. Corp.*, 858 F. Supp. 2d 825, 837-38 (E.D. Mich. 2012) ("Foreclosure by advertisement, the avenue pursued by Wells Fargo on Plaintiff's home, is authorized by Michigan statute. . . . Similar to foreclosure by advertisement, a sheriff's sale of Plaintiff's home is also authorized by Michigan statute. . . .Under the circumstances of this case, the Court does not find that a statutorily authorized sheriff's sale pursuant to a statutorily authorized foreclosure is harassing, oppressive, or abusive collection method within the meaning of the [Act].")

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss [#9] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: February 3, 2015                                    /s/Gershwin A Drain
                                                           GERSHWIN A. DRAIN
                                                           UNITED STATES DISTRICT JUDGE